*348 OPINION.
Trussell:
The petitioner having abandoned at the hearing all other claims set out in the petition, there remains for determination here only the question of the proper accounting period for 1921. The petitioner filed a return on the calendar year basis. The respondent has determined the deficiency for an accounting period of a fiscal year ended May 31, 1921.
An examination of the books of account which are in evidence develops the fact that beginning in 1915, the petitioner regularly closed its books and determined its income for accounting periods ended May 31. With respect to the accounting procedure adopted we are satisfied the books clearly reflected the income. The petitioner, therefore, was definitely established upon the basis of a fiscal year ending May 31 within the purview of sections 232 and 212 (b) of the Revenue Act of 1918, and it accordingly closed its books and *349 determined its income for 1918, 1919, and 1920 for such fiscal years. Under the 1918 Act the tax liabilities were required to be determined upon the said fiscal year periods as in fact they have been determined by the respondent, and accepted by the petitioner. Clearly the returns filed by the petitioner on the calendar year basis were not in accordance with the statute and they can have no effect upon the issue before us.
Again in 1921, following its long established custom, the petitioner closed its books and determined its income for the accounting period of the fiscal year ended May 31. The deficiency before us has been determined from the books and for the said fiscal year, exactly as provided in sections 232 and 212 (b) of the Revenue Act of 1921. These facts are conclusive of the issue. Under the statute the determination must be approved. It is not material what accounting innovations the petitioner introduced in the subsequent period of seven months ended December 31, 1921.
Our conclusion is thoroughly consistent with the course followed by the parties with respect to the several years immediately prior and the several years immediately subsequent to the taxable year; by the respondent in determining the tax liabilities for accounting periods of said fiscal years and by the petitioner in paying the several deficiencies thus determined, and in accepting the refund tendered for the fiscal year 1922, which year, of course, is inclusive of the seven-month. period ended December 31, 1921, which the petitioner seeks to inject into the issue here.

Judgment will be entered of a defieieney m the amount of $¡¡.,04.9.57 as determined by the respondent.